


# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

AISHA PARKER-WILLIAMS
Vs. C.A. No. 2014 CA 002601 B
CHARLES TINI & ASSOCIATES

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge BRIAN F HOLEMAN
Date: April 28, 2014
Initial Conference: 9:30 am, Friday, August 01, 2014
Location: Courtroom 214
500 Indiana Avenue N.W.
WASHINGTON, DC 20001




Caio.doc

**ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES**

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Aisha Parker-Williams
Plaintiff

vs.

Case Number 14-0002601

Charles Tini & Associates
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Denise M. Clark, Esq.
Name of Plaintiff's Attorney

1250 Connecticut Ave, NW Suite 200
Address
Washington, DC 20036

(202) 293-0015
Telephone

*Clerk of the Court*

By [signature]
Deputy Clerk

Date 04/28/2014

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, ***DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.***

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español




IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AISHA PARKER-WILLIAMS,<br>3688 Hayes St, NE<br>Washington, DC 20019<br>Plaintiff,<br><br>v.<br><br>CHARLES TINI & ASSOCIATES<br>900 Montgomery St.<br>Laurel, MD 20707<br>Defendant | ) | **COMPLAINT**<br>**Demand for Jury Trial**<br>**14-0002601** |

## COMPLAINT

Plaintiff Aisha Parker-Williams, ("Plaintiff") by her attorney, alleges as follows:

## NATURE OF ACTION

1. This is a challenge to Defendant's, Charles Tini & Associates ("Defendant") unlawful acts towards Plaintiff; specifically Defendant's discriminatory treatment of Plaintiff due to her disability and for Defendant's retaliatory action upon request for leave under the District of Columbia Family and Medical Leave Act ("DCFMLA").

## JURISDICTION AND VENUE

2. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

3. Pursuant to D.C. Code § 11-921, this Court has subject matter jurisdiction over this civil action because all claims are based on violations of the laws of the District of Columbia.

4. Pursuant to D.C. Code § 13-423, this Court has personal jurisdiction over Defendant as the Defendant transacts business in the District of Columbia.

5. Venue is appropriate because Defendant engages in business in the District of Columbia, Plaintiff worked in the District of Columbia for Defendant, and Defendant's actions occurred in the District of Columbia.

6. Pursuant to D.C. Code § 2-1403.16, this Court has personal jurisdiction over Defendant since Plaintiff has properly accrued a private cause of action under the statute.

7. On September 22, 2010, Plaintiff filed a charge of discrimination with the EEOC and cross-filed the charge with the District of Columbia Office of Human Rights, tolling the statute of limitations for Ms. Parker to pursue claims under the District of Columbia Human Rights Act until the charge of discrimination is withdrawn. Plaintiff amended the charge between January and February, 2013.

8. The EEOC issued its right to sue letter on February 26, 2014, which Plaintiff received on February 28, 2014.

**PARTIES**

9. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

10. Plaintiff, Aisha Parker-Williams, is a disabled, African-American, female citizen residing in the District of Columbia.

11. Defendant, Charles Tini & Associates, is a property management firm that conducts in business in the District of Columbia.

12. In addition to residency in the District of Columbia, Plaintiff is a D.C. based employee because she regularly spent more than 50% of her working time in D.C. *See* D.C. Code §32-1003(b).

**FACTUAL ALLEGATIONS**

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Defendant employed Plaintiff as a maintenance/office worker beginning in June of 2009.

15. On September 8, 2010 Plaintiff spoke with Daniel Fagbuyi, informing him her pregnancy during which he expressed concerns about absences, referencing absences during Plaintiff's 2009 pregnancy when I experienced a miscarriage.

16. On September 9, 2010, Plaintiff sent Mr. Fagbuyi a follow-up email detailing the pregnancy, and the reason for her medical care. Plaintiff informed Defendant that she was pregnant and was experiencing medical complications due to her pregnancy.

17. On or before September 13, 2010, Plaintiff provided property manager Daniel Fagbuyi a doctor's note detailing the nature of the medical complications due to her pregnancy and requested that changes be made to her work and work schedule due to these complications.

18. On September 14, 2010, Plaintiff met with Patricia Baylock, supervisor to both Plaintiff and Mr. Fagbuyi, regarding changes to her work schedule.

19. In response, and referencing Plaintiff's absences during her pregnancy in 2009, Ms. Baylock stated to Plaintiff that her continued pregnancy complications would not be tolerated and if absences due to her pregnancy continued her job would be in jeopardy.

20. Plaintiff had been absent in 2009 due to a complicated pregnancy which ended in a miscarriage.

21. Defendant did not agree to any of the requested medical accommodations recommended by Plaintiff's physician, and Plaintiff suffered emotional distress during a difficult pregnancy.

22. On September 22, 2010, Plaintiff filed a charge with the EEOC against Defendant alleging gender discrimination and hostile work environment due to her pregnancy.

23. The claim filed with the EEOC was cross-filed with the District of Columbia Office of Human Rights.

24. Plaintiff gave birth to a son in February 2011

25. Plaintiff took her statutory protected maternity leave commencing of 16-weeks, and returned in June 2011.

26. Upon her return from maternity leave, Plaintiff was faced with a back log of work that Defendant permitted to go unattended, despite having an employee filling Plaintiff's position during the time Plaintiff was out on her job-protected leave.

27. The employee filling the position was allowed to perform only certain responsibilities of Plaintiff's position, and left Plaintiff with a backlog to filing and log maintenance

28. Plaintiff began experiencing panic attacks in June and July 2011. It was determined that Plaintiff suffered from agoraphobia.

29. From August 2011 through December 2012, Plaintiff's repeated panic and anxiety attacks worsened.

30. As a result of these worsening panic attacks, Plaintiff' was hospitalized between on or about November 18, 2012 and on or about December 6, 2012.

31. Throughout December of 2012, Plaintiff was hospitalized three times due to anxiety attacks.

32. On or about December 6. 2012, Plaintiff's doctor wrote to Defendant suggesting reasonable accommodations and diagnosis Plaintiff's anxiety and agoraphobia.

33. Specifically, Plaintiff's doctor suggested that she be permitted to work in an office or cubicle which limited contact with other people.

34. None of the recommended accommodations were made. Moreover, Defendant did not engage in the interactive process with Plaintiff regarding her accommodation request.

35. On or about January 1, 2013, Plaintiff amended her charge of discrimination with the Equal Employment Opportunity Commission (EEOC) based on her supervisor's behavior.

36. The claim filed with the EEOC was cross-filed with the District of Columbia Office of Human Rights.

37. On or about January 8, 2013, as a result of December's panic attacks her doctor wrote to inform Defendant of Plaintiff's treatment status for her condition.

38. On or about January 10, 2013, Defendant supplied Plaintiff with DCFMLA Medical Certification papers to complete.

39. On or about January 16, 2013, Plaintiff's doctor recommended she no longer go to work so that Plaintiff may receive dedicated care for her disability.

40. On or about January 16, 2013, Plaintiff emailed a copy of the doctor's recommendation to Defendant and requested a letter regarding her employment status and eligibility for benefits.

41. Defendant did not respond.

42. On or about February 6, 2013, Plaintiff mailed a copy of the doctor's letter again to Defendant. Defendant subsequently requested that Plaintiff's doctor fill out the DCFMLA Medical Certification Form despite having already received a doctor's note on January16, 2013.

43. On or about March 25, 2013, Defendant notified Plaintiff that because it had not received the DCFMLA Medical Certification, her job was no longer protected citing Defendant's Employee Handbook.

44. On or about March 27, 2013, Plaintiff requested confirmation of her employment status with Defendant and received no clarification.

45. On or about April 7, 2013, Defendant confirmed receipt of the Plaintiff's DCFMLA Medical Certification Form.

46. Plaintiff requested that Defendant confirm that her requested accommodations would be implemented upon her return to work.

47. Defendant never responded to that inquiry.

48. Plaintiff continued to submit medical certifications to Defendant reflecting her continued medical treatment and need to be out for the full time period.

49. Plaintiff again sought the previously requested accommodation so that she could return to work.

50. Again, Defendant did not respond, and instead terminated Plaintiff's employment.

**PLAINTIFF'S FIRST CLAIM – DISABILITY DISCRIMINATION**

51. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

52. The District of Columbia Human Rights Act, D.C. Code§ 2-1402.11, prohibits discrimination against qualified individuals on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

53. The District of Columbia Human Rights Act, D.C. Code§ 2-1402.11, prohibits an employer from discharging, or interfering with compensation, terms, conditions, or privileges of employment on the basis of disability.

54. Plaintiff's job duties were primarily data entry in an office environment.

55. In 2010, Plaintiff was denied accommodations for her medical condition that was caused by her pregnancy, notwithstanding physician's recommendation of a modified work schedule.

56. Defendant threatened Plaintiff's job and denied the requested accommodation.

57. In 2011, Plaintiff began to suffer panic attacks on the job, and such panic attacks worsened causing Plaintiff to be hospitalized.

58. As set forth herein, Plaintiff's condition was considered medically disabling by her treating physician on or about January 2013.

59. Plaintiff's condition was exacerbated by interaction with new people and crowds thus prohibiting her ability to find gainful employment in a broad class of jobs.

60. As set forth herein, Defendant failed to make accommodations after receiving written notice from Plaintiff's doctor outlining the diagnosis, treatment, and reasonable accommodations for Plaintiff.

61. As a result of Defendant's conduct Plaintiff has been subjected to lost earning capacity, emotional distress, pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, disqualification from eligibility for unemployment, and other pecuniary and nonpecuniary losses.

62. Defendant's conduct is intentional and with reckless disregard for Plaintiff's statutory rights.

## PLAINTIFF'S SECOND CLAIM – D.C. FAMILY AND MEDICAL LEAVE ACT RETALIATION

63. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

64. The D.C. Family Medical Leave Act, D.C. Code § 32-503(a), provides that any employee who becomes unable to perform the functions of the employee's position because of a serious health condition shall be entitled to medical leave.

65. Plaintiff sought DCFMLA on or before January, 2013, which was approved.

66. While on DCFMLA leave, Plaintiff requested several times that Defendant confirm that her requested accommodations in the workplace would be implemented.

67. Defendant never responded to Plaintiff's request.

68. While Plaintiff was on DCFMLA leave, she requested several times that Defendant provide her a date when she was to return to work, but this was not immediately provided by Defendant.

69. Defendant's actions lead Plaintiff to conclude that her position had been terminated.

70. Defendant never responded to Plaintiff's request for accommodations that would have permitted her to return to work, effectively demonstrating its intent to make Plaintiff's return to work impracticable.

71. Defendant's behavior demonstrated an intent to end Plaintiff's employment.

72. Plaintiff filed a claim for unemployment due to the apparent loss of employment in June 2011.

73. Defendant challenged Plaintiff's unemployment claim arguing that she abandoned her position.

74. As a result of Defendant's conduct Plaintiff has been subjected to lost earning capacity, emotional pain and suffering, embarrassment, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses.

75. Defendant's conduct is intentional and with reckless disregard for Plaintiff's statutory rights.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court award Plaintiff the following:

A. Declare that Defendant unlawfully discriminated against the Plaintiff based on her disability;

B. Declare that Defendant violated the FMLA's anti-retaliation provision;

C. Award Plaintiff compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses in an amount to be determined by the jury at trial in excess of $5,000;

D. Award Plaintiff punitive damages;

E. Award Plaintiff reasonable attorney's fees and the costs of this action;

F. Award any other relief that this court deems appropriate

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: April 28, 2014

Respectfully submitted,

CLARK LAW GROUP, PLLC
*Attorneys for Plaintiff*

Denise M. Clark (420480)
1250 Connecticut Ave, N.W.
Suite 200
Washington, D.C. 20036
(202) 293-0015
dmclark@benefitcounsel.com

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

AISHA PARKER-WILLIAMS Case Number: ______________________

vs Date: ______________________

CHARLESTINI & ASSOCIATES ☐ One of the defendants is being sued in their official capacity.

| Name: (Please Print) DENISE M CLARK | Relationship to Lawsuit |
|---|---|
| Firm Name: CLARK LAW GROUP PLLC | ☑ Attorney for Plaintiff |
| Telephone No.: (202) 293-0015 — Six digit Unified Bar No.: 460480 | ☐ Self (Pro Se)<br>☐ Other: ____________ |

TYPE OF CASE: ☐ Non-Jury ☑ 6 Person Jury ☐ 12 Person Jury

Demand: $ 100,000 Other: ______________________

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: ______________ Judge: ______________ Calendar #: ______________

Case No.: ______________ Judge: ______________ Calendar#: ______________

NATURE OF SUIT: *(Check One Box Only)*

**A. CONTRACTS**

- ☐ 01 Breach of Contract
- ☐ 02 Breach of Warranty
- ☐ 06 Negotiable Instrument
- ☐ 15 Special Education Fees
- ☐ 10 Mortgage Foreclosure
- ☐ 07 Personal Property
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☒ 13 Employment Discrimination

**COLLECTION CASES**

- ☐ 14 Under $25,000 Pltf. Grants Consent
- ☐ 16 Under $25,000 Consent Denied
- ☐ 17 OVER $25,000 Pltf. Grants Consent
- ☐ 18 OVER $25,000 Consent Denied

**B. PROPERTY TORTS**

- ☐ 01 Automobile
- ☐ 02 Conversion
- ☐ 07 Shoplifting, D.C. Code § 27-102 (a)
- ☐ 03 Destruction of Private Property
- ☐ 04 Property Damage
- ☐ 05 Trespass
- ☐ 06 Traffic Adjudication

**C. PERSONAL TORTS**

- ☐ 01 Abuse of Process
- ☐ 02 Alienation of Affection
- ☐ 03 Assault and Battery
- ☐ 04 Automobile- Personal Injury
- ☐ 05 Deceit (Misrepresentation)
- ☐ 06 False Accusation
- ☐ 07 False Arrest
- ☐ 08 Fraud
- ☐ 09 Harassment
- ☐ 10 Invasion of Privacy
- ☐ 11 Libel and Slander
- ☐ 12 Malicious Interference
- ☐ 13 Malicious Prosecution
- ☐ 14 Malpractice Legal
- ☐ 15 Malpractice Medical (Including Wrongful Death)
- ☐ 16 Negligence- (Not Automobile, Not Malpractice)
- ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
- ☐ 18 Wrongful Death (Not Malpractice)
- ☐ 19 Wrongful Eviction
- ☐ 20 Friendly Suit
- ☐ 21 Asbestos
- ☐ 22 Toxic/Mass Torts
- ☐ 23 Tobacco
- ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower
- ☐ 34 Insurance/Subrogation Over $25,000 Consent Denied

II.

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

[signature]
Attorney's Signature

4/28/2014
Date