# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AISHA PARKER-WILLIAMS,**<br><br>   Plaintiff,<br><br>           v.<br><br>**CHARLES TINI & ASSOCIATES, INC.,**<br><br>   Defendant. | Civil Action No. 14-891 (JEB) |

## MEMORANDUM OPINION

Suits brought before federal courts based on diversity jurisdiction under 28 U.S.C § 1332 must meet a minimum amount-in-controversy requirement of $75,000. Whether this requirement has been fulfilled, however, sometimes involves far more than a quick look at the Complaint's demand. Plaintiff Aisha Parker-Williams originally filed this discrimination suit against Defendant Charles Tini & Associates, Inc. in the Superior Court for the District of Columbia. Defendant removed the case to federal court citing diversity jurisdiction, and Plaintiff now responds with this Motion to Remand. The question before this Court is whether the original Complaint – which only demands damages "in excess of $5,000" – actually states an amount in controversy that is greater than $75,000. Determining that it does, the Court denies the Motion and allows the case to proceed here.

## I.      Background

Plaintiff Aisha Parker-Williams was employed by the property-management firm Charles Tini & Associates. See Compl. at 2-3. Parker-Williams alleges that upon returning to work

1

from maternity leave in June 2011, she was faced with a "back log of work," which caused her to experience "agoraphobia" and "panic and anxiety attacks." Id. at 4. Having been hospitalized for these conditions, she made several attempts to obtain accommodations from Defendant in order to continue working (including filing a claim with the Equal Employment Opportunity Commission). Id. at 5. No such accommodations were forthcoming, and Defendant eventually terminated Plaintiff's employment. Id. at 6.

The Complaint states two causes of action: a claim for disability discrimination under the D.C. Human Rights Act, D.C. Code § 2-1402.11, and a claim for retaliation under the D.C. Family Medical Leave Act, D.C. Code § 32-503(a). See Compl. at 6-9. The Prayer for Relief contains a demand for compensatory damages "in excess of $5,000" and seeks an award for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and nonpecuniary losses." Id. at 9. Plaintiff also demands punitive damages, reasonable attorney fees, and "any other relief that this court deems appropriate." Id.

On May 27, 2014, Defendant filed a Notice of Removal to bring the case before this Court, asserting diversity jurisdiction based on 28 U.S.C. § 1332(a). Plaintiff now challenges this jurisdiction and moves to remand. As there is no dispute that the parties in this case are citizens of different states, the sole focus of this Court's jurisdictional inquiry is whether the amount in controversy asserted in the Complaint exceeds the statutory threshold of $75,000.

**II.     Legal Standard**

Federal courts are limited to the subject-matter jurisdiction granted to them by the Constitution and acts of Congress, and they may only hear cases that fall within the boundaries of these grants. Hunter v. District of Columbia, 384 F. Supp. 2d 257, 259 (D.D.C. 2005) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). The issue of federal subject-matter

jurisdiction "goes to the foundation of the court's power to resolve a case." Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996) (citing Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986)). When jurisdiction is improper, therefore, the Court is obligated to remand the case to the proper forum. Republic of Venezuela v. Philip Morris, Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)).

To invoke a court's diversity jurisdiction, the value of a claim must exceed $75,000. 28 U.S.C § 1332(a). "When the court considers whether a claim meets the amount in controversy requirement, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" Hunter, 384 F. Supp. 2d at 260 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). While it is true that the plaintiff's assessment is normally accepted at face value, the solution is not so simple here, as Plaintiff has made no specific claim regarding the amount of damages other than that they should be "determined by a jury at trial in excess of $5,000." Compl. at 9. By all indications, the sum of $5,000 was intended to be a floor, not a benchmark for the amount of recovery. Indeed, Plaintiff would probably be the first to agree with this characterization, given that her lost salary alone amounts to $27,000. See Plaintiff's Reply, Att. 1 (Declaration of Denise Clark) at 1.

While Plaintiff could potentially have resolved this conundrum by explicitly stating that she was not seeking damages in excess of $75,000, she has elected not to do so. Her Complaint, therefore, should be treated as one that does not specify the amount of damages. "Where a state- or local-court complaint seeks an unspecified amount of damages, the defendant must, to justify removal to federal court, establish the amount in controversy by a preponderance of the evidence." Mostofi v. Network Capital Funding Corp., 798 F. Supp. 2d 52, 55 (D.D.C. 2011) (citing Everett v. Verizon Wireless, Inc., 460 F.3d 818, 822 (6th Cir. 2006)). Although the

3

burden of proof may be with the defendant, this does not necessarily mean that it must always provide an item-by-item accounting of the claims. Instead, courts may consider the evidence provided to them and exercise some degree of common sense in order to independently determine whether the amount in controversy has been met. See Busby v. Capital One, N.A., 932 F. Supp. 2d 114, 132 (D.D.C. 2013) (citing Wilson v. U.S. Dep't of Transp., 759 F. Supp. 2d 55, 64 (D.D.C. 2011)).

## III. Analysis

In its Notice of Removal, Defendant argues that the three types of relief sought by Plaintiff – compensatory damages, punitive damages, and attorney fees – should all be considered for purposes of determining the amount in controversy, thereby putting it "well over the jurisdictional requirement of $75,000." Not. of Removal at 3. Considering each category in turn leads the Court to the inescapable conclusion that Defendant is correct, and the amount-in-controversy requirement has been met.

### A. Compensatory Damages

The compensatory damages alone may be sufficient to cross the $75,000 threshold. While Plaintiff argues that this is impossible because her monetary losses were limited to her annual earnings of $27,000, this ignores the fact that she is also demanding "damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life." Compl. at 9. While recovery under the DCFMLA is limited to monetary damages, see D.C. Code § 32–509, the DCHRA allows for the award of non-pecuniary damages, which have in the past exceeded the $75,000 threshold. See, e.g., Martini v. Federal Nat. Mortg. Ass'n, 977 F. Supp. 464, 481-82 (D.D.C. 1997) (plaintiff in DCHRA gender-discrimination case awarded $100,000 in non-pecuniary damages from employer); Medina v. District of Columbia, 643 F.3d 323, 325 (D.C.

Cir. 2011) (plaintiff in DCHRA racial-discrimination case awarded $90,000 when compensatory damages were mostly non-pecuniary).

B. Punitive Damages

Even if the compensatory damages were to fall short of the $75,000 threshold, punitive damages could easily make up the difference. A court must consider claims for punitive damages when determining a jurisdictional amount, as long as those damages have "at least a colorable basis in law and fact." Kahal v. J. W. Wilson & Associates, Inc., 673 F.2d 547, 548 (D.C. Cir. 1982) (quoting Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 320 U.S. 238, 240 (1943)). Such basis is almost certainly present in this case. Again, while recovery under the DCFMLA is limited to monetary damages, punitive damages are considered a valid and sometimes even integral component of recovery under the DCHRA. See, e.g., McCormick v. District of Columbia, 554 F. Supp. 640, 649 (D.D.C. 1982); Zaytoun v. Embassy Row Hotel, Inc., No. 6744–83, slip op. at 61 (D.C. Super. Ct. June 21, 1985) (punitive damages are "important tool" for achieving Act's objectives), appeal dismissed (D.C. Oct. 9, 1986), quoted in Green v. Am. Broadcasting Companies, Inc., 647 F. Supp. 1359, 1366 (D.D.C. 1986).

Punitive damages are available under the DCHRA if the defendant acts with "evil motive or actual malice," Arthur Young & Co. v. Sutherland, 631 A.2d 354, 372 (D.C. 1993), thereby displaying a "willful disregard for another's rights." Vassiliades v. Garfinckel's, Brooks Brothers, Miller & Rhoades, Inc., 492 A.2d 580, 593 (D.C. 1985). If the facts are as alleged and Defendant failed to make accommodations despite specific knowledge of Plaintiff's medical condition, that could potentially constitute such "evil motive" and "willful disregard." While trying to estimate the precise amount of punitive damages would be inherently speculative, their

5

potential applicability pushes the Court further towards the conclusion that the amount in controversy exceeds $75,000.

### C. Attorney Fees

When attorney fees are added into the equation, moreover, that conclusion becomes irresistible. Such fees may be counted towards establishing a jurisdictional amount when they "are provided for by . . . a statute in controversy." Srour v. Barnes, 670 F. Supp. 18, 22 n.3 (D.D.C. 1987) (citing Velez v. Crown Life Ins. Co., 599 F.2d 471, 474 (1st Cir. 1979)); see also Wexler v. United Air Lines, Inc., 496 F. Supp. 2d 150, 154 (D.D.C. 2007); Walker v. Waller, 267 F. Supp. 2d 31, 33 (D.D.C. 2003). Both the DCHRA, D.C. Code § 2-1402.13(a)(1)(E), and the DCFMLA, D.C. Code § 32-509(b)(7), have specific provisions authorizing the award of attorney fees to a prevailing plaintiff. Again, while the Court lacks the information required to calculate these fees, it is difficult to believe that the amount in controversy here could be lower than $75,000 when the fees are factored in along with compensatory and punitive damages.

Plaintiff attempts to escape the settled legal rule by claiming that she was not asking for "statutory attorney's fees." Mot. at 4 (emphasis added). There is no authority in this jurisdiction, however, that supports the idea that plaintiffs may decline attorney fees awarded by statute and pursue only "general" attorney fees for the purpose of avoiding federal jurisdiction.

## IV. Conclusion

Given the potential value of the compensatory damages asserted by Plaintiff and the possible addition of punitive damages and attorney fees, it seems more likely than not that the amount in controversy has passed the $75,000 threshold. The Court, consequently, will issue a contemporaneous Order this day denying the Motion.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 9, 2014